IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| PAUL KEMPTON,<br><br>              Plaintiff,<br><br>v.<br><br>SAFETY HOLDINGS, INC. D/B/A SAMBA SAFETY,<br><br>              Defendant. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff Paul Kempton ("Plaintiff") brings this action on an individual basis, seeking statutory and other damages against Defendant Safety Holdings, Inc. d/b/a Samba Safety ("Samba") and alleges, based upon Plaintiff's personal knowledge, the investigation of counsel, and upon information and belief, as follows:

**PRELIMINARY STATEMENT**

1. This is an action to recover damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

2. The FCRA is a federal statute designed to protect consumers from the harmful effects of inaccurate information reported in consumer reports (commonly referred to as "credit reports"). Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA. *See* 15 U.S.C. § 1681a.

3. To that end, the FCRA imposes the following twin duties on consumer reporting agencies: (i) consumer reporting agencies must devise and implement reasonable procedures to

ensure the "maximum possible accuracy" of information contained in consumer reports; and (ii) consumer reporting agencies must reinvestigate the facts and circumstances surrounding a consumer's dispute and timely correct any inaccuracies.

4. The FCRA provides consumers with a private right of actions against consumer reporting agencies that willfully or negligently fail to comply with their statutory obligations under the FCRA.

5. Defendant Samba has produced and sold consumer reports concerning Plaintiff's background that wrongfully and/or misleadingly reported Plaintiff's driving history by reporting that Plaintiff's Kentucky drivers license as surrenderred. However, at all relevant times, Plaintiff had a valid Kentucky license.

6. As a result of Samba's wrongful reporting, Plaintiff was damaged by, without limitation, loss of employment, suffering harm to her employment qualifications, loss of income, and considerable stress and anguish.

## PARTIES

7. Plaintiff is a natural person and resident of the State of Texas and qualifies as a "consumer" as defined and protected by the FCRA.

8. Defendant Safety Holdings, Inc. d/b/a Samba Safety ("Samba") is a "consumer reporting agency" as that term is defined under 15 U.S.C. § 1681a(f), as it "regularly engages in whole or in part in the practice of assembling or evaluating credit information or other information on consumers for the purpose of furnishing consumer reports to third parties" in exchange for monetary compensation, by means of interstate commerce.

9. Defendant Samba is a Delaware corporation that maintains its primary place of business in Albuquerque, New Mexico.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. Defendant regularly conducts business within the State of Texas, and violated Plaintiff's rights under the FCRA in the State of Texas as alleged more fully below.

11. Venue is proper in this District under 28 U.S.C. 1391(b) because Plaintiff resides in this District, Defendant conduct regular business in this District, and communications giving rise to this action occurred in this District.

## FACTUAL ALLEGATIONS

12. On or about July 15, 2024, Plaintiff obtained a valid drivers license from the State of Kentucky.

13. Sometime prior to July 22, 2024, Plaintiff applied for employment with Uber.

14. Around that time, Uber contracted with Defendant Samba to purchase a consumer background report regarding Plaintiff to assess his employability.

15. To Plaintiff's shock, on or about July 22, 2024, he was informed by Uber he was being denied employment due to the results of the consumer report provided by Samba.

16. When Plaintiff reviewed his consumer report provided by Defendant, dated July 22, 2024, he was horrified to see that Samba was reporting his Kentucky drivers license status as surrendered, and indicated that he was ineligible to drive.

17. This reporting was misleading and/or inaccurate because as of the date of the report, Plaintiff had a valid Kentucky drivers license.

18. Accordingly, on multiple occasions, Plaintiff disputed this inaccurate information Deefendant. In these disputes, Plaintiff provided his copies of his complete DMV report and copies of his valid license, and indicated that this information must be investigated and corrected.

19. However, Defendant never adequately investigated the Plaintiff's dispute, as required by the FCRA.

20. Instead, Defendant, after either conducting no investigation or failing to conduct a reasonable investigation, indicated that the reporting was "accurate" and continued to report this inaccurate information, something that any basic investigation would have prevented

21. By listing Plaintiff's license as 'surrendered' in his consumer report, Defendant inaccurate and/or misleadingly represented to Plaintiff's employer that he was not fit to drive and work for Uber.

22. As a result of Defendant's reporting, Plaintiff has was denied employment with Uber.

23. As a direct result of Defendant's inaccurate and/or misleading reporting, Plaintiff has been damaged.

24. As a direct result, Plaintiff has suffered distress and mental anguish due to the frustration in losing out on this source of income and the damage to his reputation from having this inaccurate driver history information distributed, as if he is unfit to be behind the wheel.

25. It is patently inaccurate and/or materially misleading to report Plaintiff's license as surrendered when he had a valid license.

26. Upon information and belief, had Defendant not erroneously and inaccurately reported an inaccurate driver history on his background report, Plaintiff would not have been denied his position with Uber.

27. Upon information and belief, Defendant fails to maintain and employ reasonable procedures to assure maximum possible accuracy of the consumer information it provides to employers.

28. Upon information and belief, Defendant knowingly and willfully maintains deficient procedures because reporting more information is more profitable than reporting less and potentially leaving information off of a consumer report.

29. For example, upon information and belief, Defendant allowed a misleading and incomplete driving history to appear on Plaintiff's consumer report without first confirming the accuracy with the actual records, which are readily and publicly available.

30. Defendant regularly seeks out and procures driver history information with the intention of including it in the consumer reports it sells for profit.

31. Instead of employing reasonable procedures as required by the FCRA, Defendant blindly collects information from unreliable third-party vendors to repackage and sell in its own employment screening products.

32. Alternatively, upon information and belief, Defendant buys consumer information from third-party vendors that do not have reasonable procedures in place to ensure that the information they sell is of maximum possible accuracy.

33. Defendant, a sophisticated employment screening consumer reporting agency, is aware that driver history information is often inaccurate, incomplete or misleading.

34. Upon information and belief, Defendant purchased Plaintiff's information from one or more third-party vendors that merely compile consumer data from various online sources without verifying its accuracy with actual court records.

35. Upon information and belief, none of Defendant's third-party vendors warrant the accuracy of the information they sell.

36. Upon information and belief, Defendant does not exercise due diligence in ensuring it is contracting with and/or utilizing reliable third-party vendors.

37. Upon information and belief, Defendant does not conduct periodic quality assurance audits to ensure that it is receiving reliable consumer information from its third-party vendors.

38. Upon information and belief, Defendant has been sued by consumers under the FCRA in the past for erroneously reporting inaccurate driver records.

39. Therefore, Defendant has notice that its procedures often result in the preparation of inaccurate consumer reports and dissemination of inaccurate consumer information.

40. Upon information and belief, Defendant knew that the furnisher or third-party vendor provides inaccurate consumer data with some regularity.

41. Upon information and belief, Defendant blindly relied on the information provided by the furnisher or third-party vendor despite having reason to know it may be unreliable.

42. Upon information and belief, Defendant does not maintain reasonable procedures to assure it reports consumer information with maximum possible accuracy because it would be more expensive to independently verify the accuracy of the information it includes in its consumer reports and ensure it is "maximally accurate" and not misleading.

43. It is wholly unreasonable for Defendant to maintain procedures that it knows often lead to inaccurate and misleading consumer reporting with grave consequences.

44. Despite knowing that its procedures are unreasonable, Defendant recklessly, knowingly, and/or negligently fails to employ procedures that assure that maximum possible accuracy of consumer information compiled and published in its consumer reports.

45. Upon information and belief, Defendant does not independently investigate the information it procures from third-party vendors before including it in consumers' background reports.

46. Instead, Defendant has unreasonably decided that it is entitled to rely completely on third-party vendors to ensure the information included in its consumer reports is accurate.

47. The injuries suffered by Plaintiff as a direct result of Defendant's erroneous reporting are the type of injuries that the FCRA was enacted to prevent.

48. Defendant knows that its services are used to make significant consumer decisions.

49. Upon information and belief, Defendant know or should have known that employers make decisions on employment decisions on employment status based solely on the information contained in its consumer reports.

50. Upon information and belief, Defendant knew or should have known the negative impact that reporting a consumer's inaccurate and misleading driving history, such as failing to report a valid license and misleadingly reporting a cancelled license, was likely to have on that consumer's employment status.

51. Upon information and belief, Defendant purchases public record information from third-party vendors.

52. Upon information and belief, those third-party vendors explicitly disclaim the accuracy of the information they provide to Defendant.

53. Upon information and belief, Defendant reports and publishes the information provided by the third-party vendors without verifying its accuracy.

54. Upon information and belief, Defendant knows or has reason to know that the third-party vendors it procures consumers' information from often provides inaccurate, misleading, and incomplete records.

55. Upon information and belief, Defendant reports and publishes unverified public records information without employing reasonable procedures to assure its accuracy because employing such procedures would cut into its profits.

56. At common law, Defendant's conduct would have given rise to causes of action based on defamation and invasion of privacy.

57. As a direct result of Defendant's conduct, Plaintiff was denied employment with Uber.

58. As a direct result of Defendant's conduct, Plaintiff lost out on considerable income from Uber.

59. As a further direct result of Defendant's conduct, Plaintiff suffered mental distress, including humiliation, embarrassment, and considerable stress from his loss in income.

60. As a direct result of Defendant's inaccurate and/or misleading reporting, Plaintiff has suffered actual damages including, but not limited to: job denial, loss of income, wasted time, financial insecurity, defamatory harm to his reputation and emotional distress, including but not limited to, humiliation, embarrassment, stress, frustration, and mental anguish.

61. Defendant's violations of the FCRA were willful. Accordingly, Plaintiff is entitled to statutory, actual, and punitive damages under 15 U.S.C. § 1681n.

62. Additionally, Defendant's violations of the FCRA were negligent. Accordingly, Plaintiff is entitled to statutory and actual damages under 15 U.S.C. § 1781o.

63. In any event, Defendant is liable for Plaintiff's reasonable attorneys' fees and costs, pursuant to 15 U.S.C. §§ 1681n and 1681o.

## CAUSES OF ACTION

### COUNT I
### Violation of the FCRA, 15 U.S.C. § 1681e

64. Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

65. The FCRA imposes a duty on consumer reporting agencies to devise and implement procedures to ensure the "maximum possible accuracy" of consumer reports, as follows:

> Whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure **maximum possible accuracy** of the information concerning the individual about whom the report relates.

15 U.S.C. § 1581e(b) (emphasis added).

66. Samba violated § 1681e(b) because it failed to follow reasonable procedures to ensure the maximum possible accuracy of the information it attributed to Plaintiff in its consumer reports.

67. Specifically, Samba willfully, intentionally, recklessly, and/or negligently violated § 1681e(b) by inaccurately and/or misleadingly reporting driver history with his license as surrendered when it was instead, valid.

68. Samba's misconduct was a direct and proximate cause of Plaintiff's injuries, as alleged herein.

69. Samba is therefore liable to Plaintiff for its willful and/or negligent failures to follow reasonable policies and procedures.

70. As a result of Samba's violations of 15 U.S.C. § 1681e(b), Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual and punitive damages under 15 U.S.C. §§ 1681n and 1681o.

## COUNT II
## Violation of the FCRA, 15 U.S.C. § 1681i

71. Plaintiff incorporates by reference all the preceding allegations as though fully set forth herein.

72. At all times pertinent hereto, Defendant was a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(c).

73. The FCRA provides that:

> "***if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer*** and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, ***the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file*** in accordance with paragraph(5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller." 15 U.S.C. § 1681i(a)(1)(a) (emphasis added)

74. Plaintiff initiated multiple disputes with Defendant requesting that they correct his driver history information, as his Kentucky drivers license was valid. In support of these disputes, Plaintiff provided documentation confirming the inaccuracy of his report.

75. Defendant received Plaintiff's disputes, as evidenced by its responses.

76. However, Defendant never adequately investigated the Plaintiff's disputes, as required by the FCRA.

77. Instead, Defendant, after either conducting no investigation or failing to conduct a reasonable investigation, continued to report this inaccurate information, something that any basic investigation would have prevented.

78. As a direct and proximate result of Defendant's refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

79. Samba's violations of the §1681i were willful. Therefore, Samba is liable to Plaintiff for actual, statutory, and punitive damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1681n

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

i. Awarding Plaintiff statutory money damages, actual damages and punitive damages pursuant to 15 U.S.C. §§ 1681n and/or 1681o, including pre-judgment and post-judgment interest;

ii. Awarding attorneys' fees and costs as required by 15 U.S.C. §§ 1681n and/or 1681o, and other relief; and

iii. Awarding any other such relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

Dated: September 11, 2024

By:    /s/ Yitzchak Zelman
Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Ave, Suite 300
Asbury Park, NJ 07712
(732) 695-3282
yzelman@marcuszelman.com
Attorneys for Plaintiff

*Attorney for Plaintiff*